R. HAMERSLOUGH MERCANTILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5426.   Promulgated April 14, 1927.

Amounts distributed to stockholders and carried on the books as accounts payable may not be included in invested capital.

*H. J. Wightman* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

This appeal is taken from the determination of deficiencies of $435.96 and $51.97 in income taxes for the calendar years 1919 and 1920, respectively. It is alleged that the Commissioner erred in excluding from invested capital certain sums claimed to be earned surplus.

FINDINGS OF FACT.

Petitioner is a Colorado corporation with principal offices at Trinidad, Colo., and is engaged in the dry goods and clothing busi-

ness. Petitioner made income-tax returns for the years 1919 and 1920 upon the basis of cash receipts and disbursements.

The books of petitioner showed accrued earnings as of January 1, 1919, in the sum of $71,619.49, which were carried as accounts payable and credited to the accounts of the individual stockholders, four in number, in proportion to their respective interests. During the year 1919 there were withdrawals by the stockholders from accrued earnings aggregating $25,502.92. As of January 1, 1920, there were accrued earnings of $46,116.57 carried on the books as accounts payable and credited to the accounts of the individual stockholders, in proportion to their respective interests. On March 29, 1920, the directors of petitioner adopted a resolution acknowledging the indebtedness, as of January 1, 1919, of accrued earnings up to January 1, 1919, to the stockholders. In April, 1920, the stockholders accepted additional stock in payment of the indebtedness, so that the books of the corporation might be cleared of this liability.

Prior to January 1, 1919, no dividend or formal distribution of profits had been made by petitioner, and all earnings accrued at that time were set aside or credited to the stockholders according to their interests. Each stockholder had a personal account to which was credited his salary as well as his share of accrued earnings. It was the practice of each stockholder to withdraw funds at any time in any amount up to the amount of his credit, and such withdrawals were charged to his personal account. The stockholders were brothers and sisters and " they divided the surplus as a partnership proposition instead of a corporation."

The invested capital reported by petitioner in its income-tax returns was $54,088.17 for 1919 and $94,697.73 for 1920. As adjusted by the Commissioner, it was $53,831.46 for 1919 and $93,873.23 for 1920. The addition to invested capital for 1920 allowed by the Commissioner represented the issuance to the stockholders of the additional stock in payment of the acknowledged indebtedness appearing on the books. The items of $71,619.49 and $46,116.57 did not appear in the returns for the respective years as part of invested capital, but appeared in supporting papers as accounts payable. Upon audit of the returns, claims were made for their allowance as invested capital.

OPINION.

VAN FOSSAN: Petitioner alleges that respondent erred in excluding from its invested capital for 1919 earned surplus of $71,619.49 and for 1920 earned surplus of $46,116.57. The evidence is conclusive that the alleged earned surplus for both years was distributed as of January 1 among the stockholders in proportion to their respective interests and was at all times subject to withdrawal by the

individual stockholders. The earnings were shown on the books as accounts payable and constituted, and were recognized as, definite liabilities of the corporation. Clearly, such earnings are not invested capital and were properly excluded therefrom. The determination of respondent is approved. See *Electrical Supply Co.*, 1 B. T. A. 658; *A. H. Stange*, 1 B. T. A. 810; *Kelly-Buckley Co.*, 1 B. T. A. 1154; *H. H. Hornfeck & Son, Inc.*, 3 B. T. A. 1165; *W. E. Caldwell Co.*, 6 B. T. A. 47.

*Judgment will be entered for the respondent.*